### J. Y. ALLEN v. B. W. CAMP.

No. 1744.    Decided January 8, 1908.

**Delegating Personal Trust—Peremptory Charge—Question of Fact.**

Though there could be no recovery by plaintiff for performance as assignee of a contract which conferred a personal trust from defendant on the assignor, it was error to give a peremptory charge to find for defendant where plaintiff also claimed the right to recover for the value of services rendered by him at the instance of plaintiff or his agent, and had evidence tending to support it. '(Pp. 260, 261.)

Error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

*Bryan & McRae,* for plaintiff in error.

*Ewing & Ring,* for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The nature of this litigation fully appears in the opinion of the Court of Civil Appeals, reported in 18th Texas Court Reporter, 153, under the title Morrow v. Camp. As that report shows, the judgment of the District Court in favor of Camp against Morrow was reversed and the cause was remanded for a new trial between those litigants, but the action of the trial court in instructing a verdict against Allen was affirmed. This writ of error is therefore prosecuted by Allen alone. It appears that, by his plea in reconvention, Allen sought to recover damages from Camp upon a contract between him and Morrow which the latter had undertaken to assign to Allen. The Court of Civil Appeals held that Allen could maintain no action upon, or for the breach of, that contract. for the reason that, because of the personal trust therein reposed by Camp in Morrow, it was nonassignable. We think this conclusion, the reasons for which are suffi-

ciently stated in the opinion referred to, was correct. But Allen also asserted the right to recover of Camp the value of services rendered and advancements made for his benefit and at his special instance and request, made either in person or by an authorized agent. There was evidence tending to sustain this claim, as to some of the items thus sued for, sufficient to require a submission of those matters to the jury. The peremptory instruction was therefore erroneous. The judgment of the District Court and that of the Court of Civil Appeals will be reversed and the cause will be remanded to the District Court with instruction to try this issue, restricting it to the question of Camp's liability upon the ground stated for the items claimed in the sixth paragraph of Allen's plea in reconvention upon that ground. This, of course, does not disturb the judgment of the Court of Civil Appeals as to Camp and Morrow.

*Reversed and remanded with instructions.*