## SOUTHERN PROPERTIES, Inc., v. CARPENTER. (No. 10436.)

Court of Civil Appeals of Texas. Dallas. Oct. 12, 1929.

Rehearing Denied Nov. 9, 1929.

Locke, Locke, Stroud & Randolph, of Dallas, for appellant.

White & Yarborough, of Dallas,. for appellee.

JONES, C. J. This is a second appeal of this case, and, as an aid to the statement in this case, we refer to the statement of the case made in the former appeal (Tex. Civ. App.) 299 S. W. 440. A brief résumé of the facts on which the suit by Southern Properties, Inc., appellant, and the cross-action by H. Carpenter, appellee, were based, is here given.

Previous to March 2, 1926, appellee had engaged in the business of selling ice in the city of Dallas; he operated this business by purchasing ice from wholesale dealers and selling it to the retail trade in the terrritory embracing the main business section of the city of Dallas, and in which there are estimated

374

to be approximately 11,000 consumers of ice. Appellee's business was that of a small retail dealer, in which he personally delivered the ice to his customers, who, during the time he was engaged in it, did not constitute more than 75 of the consumers of ice in this territory. On March 2, 1926, appellee entered into a written contract with appellant, by which he sold his equipment for the sum of $575, and the further consideration that he be given employment by appellant for one year at a minimum wage of $4 per day, and bound himself to work for appellant in its business of manufacturing and selling ice to wholesale and retail consumers for a period of 12 months from the date of the contract. Appellant bound itself by this contract to employ appellee for a period of 12 months at said minimum wage, and not to discharge him within said time except for good cause. By an agreement, contemporaneous with this contract, and as a part of same, appellee bound himself not to engage in any way, for himself or another, in the business of selling or delivering ice within the territory in which the 11,000 consumers received their ice, for a period of 2 years after his employment with appellant should cease. This territory is specifically defined as being in the city of Dallas and bound by the Trinity river on the west, by Harwood street on the east, by Canton street on the south, and by McKinney avenue on the north. Appellee was discharged from this employment on May 15, 1926, approximately 2½ months after the contract was executed and he had entered appellant's employment.

After his discharge, appellee filed suit for damages in a justice court of Dallas county to recover damages, alleging that his discharge was not for good cause, and recovered a judgment in the justice court for the period of 45 days that had elapsed from the time of his discharge to the trial of the case. His damages in the suit in the justice court were fixed at the sum of $180, being the minimum wage contract of $4 per day for the 45 days. This case was appealed to the county court, and, so far as the record discloses, has not been tried. Still later, appellee filed another suit in a Dallas county court at law, to recover damages for 63 days, the time that had elapsed from the end of the 45-day period to the time of the filing of such suit, and recovered judgment in that court in the sum of $252, being the minimum wage of $4 per day for the 63 days. This case was appealed and affirmed by this court. See Southern Properties v. Carpenter, 300 S. W. 963. As shown by the opinion in this latter case, it was the contention of appellant that but one suit for damages for breach of an employment contract could be allowed to a discharged employé for the remaining time of his contract of employment, and that appellee, having prosecuted to judgment in a justice court

a suit for damages, had thereby waived any rights to recover damages for the remaining unexpired time of employment, and hence could not recover damages for the alleged 63 days. This court held in that case that appellant was correct in its contention, that a discharged employé could maintain but one suit for damages, but further held that, as the justice court suit had been appealed by appellant to the county court, where it was there awaiting a trial de novo, appellee had not prosecuted such suit to final judgment, and could elect which of the two suits he would prosecute, and that, as a matter of law, he had elected to prosecute his second suit, which suit would be a bar to any other suit for damages for the same breach of the contract, as well as a bar to the suit then on the docket of the county court. For authorities sustaining this view, see Southern Properties v. Carpenter, supra, and the cases cited therein.

A short time after the entry of the judgment in the suit filed in the county court at law, appellee again entered the ice business for himself, within the territory prohibited by the restrictive covenant, and the case now under review was filed by appellant to restrain appellee from selling ice in such territory. A temporary writ of injunction was granted, as prayed for, and, upon final trial of the case on the issues made by appellant's petition for injunction and appellee's answer and cross-action, this temporary writ was made permanent, and appellee was denied recovery on his cross-action for damages by reason of the alleged wrongful issuance of the writ of injunction. On the appeal of appellee from this judgment, the case was reversed and remanded to the trial court for another trial on the issues made by the pleadings. When the temporary writ was issued, appellant filed the bond, required in such cases, in the sum of $1,000, as fixed by the court. The cross-action against appellant for damages, originally alleged to have accrued by reason of the wrongful issuance of the temporary writ of injunction, by amended pleading was made to include the entire time appellee was restrained, both by the temporary and permanent injunctions, from entering the ice business in such territory, and recovery was sought against the sureties on the said bond for an alleged liability of $1,000. The pleadings of the parties are a sufficient basis for the issues raised on this appeal.

■ The case was submitted to a jury on special issues, and, on findings favorable to appellee, judgment was entered against appellant in the sum of $1,380, and against the sureties on the injunction bond, for the sum of $1,000. An appeal from this judgment was duly perfected by appellant. The major portion of the issues raised in this case by appellant was settled on the former appeal and will not be again discussed. The Su-

preme Court denied a writ of error in the case, and the questions decided on the former appeal become the law of this case.

As we view this case, there are but two issues raised by appellant that challenge the attention of this court, viz.: (a) Can a recovery be had against the sureties on the bond, given for the issuance of the temporary writ of injunction of damages arising after the judgment of the trial court perpetuating the injunction? (b) Can appellee, under the facts of this case, maintain a suit to recover damages for the wrongful issuance of the injunction, for that portion of the time he was restrained which comes within the 12-month period of his employment by appellant? These issues will be discussed in the order named.

■ The operation of the temporary injunction against appellee ceased to function upon the entry of a final judgment by the trial court awarding a permanent injunction. The injunction in force against appellant, pending the appeal from that case, was not the temporary injunction that had been granted before the trial of the case on its merits, but was the permanent injunction awarded by the judgment of the trial court. The appeal, without a supersedeas bond, did not have the effect of suspending the judgment of the court awarding such permanent injunction. Article 2268, Revised Statutes 1925. There was no separate finding by the jury on the damages that resulted to appellee during the period of time that he was restrained, by the temporary writ, from selling ice. The trial court, in its submission of issues to the jury, did so on the theory that such injunction was in force during the entire time appellee was restrained from selling ice. It is therefore impossible for this court to determine how much of the damages found by the jury was occasioned by reason of the issuance of the temporary injunction. This assignment of error, as to the liability of the sureties on the injunction bond, is sustained.

■■ Under a special issue, the jury returned the finding that appellant discharged appellee without good cause. The effect of this finding is that his discharge was in violation of the contract of employment for one year, and to render appellant liable to appellee for the damages he thereby sustained, should he elect to stand on the contract. As such discharged employé, appellee had two remedies for appellant's breach of its contract; he could stand on the contract and sue for his damages, or he could himself elect to treat the contract as at an end, because of appellant's breach, and ignore it. The undisputed evidence shows that he chose the former course, and instituted a suit on the contract for his damages. The fact that he instituted the suit and prosecuted it to final judgment, before the expiration of the time of his employment, and therefore could only recover damages for a period of time not extending beyond the trial of the case, does not affect the question involved. By his action in bringing such suit before the expiration of the time of employment, he waived his right to damages for the remaining time, and this implies an acknowledgment on his part of full compensation for his services under his employment. This judgment has been fully satisfied and a release duly executed by appellee to appellant.

■ The legal effect of appellee's course in prosecuting his suit for damages under his contract of employment was an admission that his time for the contract period of 12 months belonged to appellee, and that he could not pursue any course not consistent with his employment, under the contract made with appellant. It was not consistent with such employment to enter into competition with appellant in the sale of ice in the territory above described, and this without regard whether the restrictive covenant entered into with appellant was valid or invalid. We hold, therefore, that appellee cannot recover damages for the wrongful issuance of the injunction covering any portion of the 12-month period of employment.

■ The effect of the finding of the jury, on a special issue submitted, is that the restrictive covenant entered into by the parties, by which appellee bound himself not to enter the territory therein designated, for the purpose of again engaging in, nor in any way to engage in the ice business within the designated time, was unnecessary for the protection of appellant in its purchase of appellee's business, and is therefore unenforceable. This finding we hold is fully sustained by the evidence. The fact that there are 11,000 ice customers in the district, and appellee's business connection was only with about 75 of this number, in itself is sufficient to raise an issue for the jury on this question. The burden was on appellant, when it sought to enforce this restrictive covenant against appellee, to show that it was both reasonable and necessary to protect it in its contract of purchase of appellee's ice business. As an issue by the evidence is clearly made on the reasonableness and necessity for this restrictive covenant, and the jury resolved this issue against appellant, the restrictive covenant is not binding on appellee. City Ice Delivery Co. v. Evans (Tex. Civ. App.) 275 S. W. 87; Bettinger v. North Fort Worth Ice Co. (Tex. Civ. App.) 278 S. W. 466; Texas Ice & C. S. Co. v. McGoldrick (Tex. Civ. App.) 284 S. W. 615. While there were only about 15 days, during which time the injunction was in force, that came within appellee's 12-month period of employment, the court nevertheless should not have permitted the jury to consider this time in estimating the damages, and it was error to do so. The jury having found, in effect, that the restrictive covenant was both an unreasonable and unnecessary restraint on appellee's right to work, it necessarily fol-

lows that this portion of the contract is invalid, and that appellee can recover damages *while he was enjoined from entering his former* business of a retail dealer of ice in the above-described territory, if he sustained loss after his term of employment had ceased. The invalidity of this portion of the contract in no way affects the validity of the contract in other respects.

For the errors pointed out, in not restricting the damages against the sureties on the injunction bond to loss occasioned only by the issuance of the temporary writ, and further because the court erred in not restricting the damages suffered by appellee to the time beginning after the expiration of the 12-month employment (that is, after March 2, 1927), this case must be reversed and remanded for another trial, not inconsistent with this opinion.

Reversed and remanded.