## LINEN SERVICE CORPORATION OF TEXAS v. MYRES.

### No. 10937.

Court of Civil Appeals of Texas. Galveston.

May 18, 1939.

GRAVES, Justice.

This appeal—brought and advanced here pursuant to R. S., Article 4662—is from an order of the 61st District Court of Harris County refusing a temporary-injunction to appellant, whereby it sought to have appellee Myres enjoined for the remainder of a period expiring five years from and after January 15, 1938, from engaging in the linen-supply business in Harris County, Texas, in violation of a written contract entered into by and between him and others composing the partnership of "Main Towel & Linen Supply", in which he had conveyed his business and good will to the Peerless Linen Service Company, a corporation domiciled in Houston; it having

been therein specifically agreed between the parties thereto that appellee Myres "would not re-engage in the linen supply business in Harris County, Texas, or in any kindred business, at any time within a period of five years from and after January 15, 1938."

Thereafter on April 12, 1939, the Peerless Linen Service Company, for a valuable consideration, and by contract in writing, transferred all of its assets, including the contract between it and the appellee Myres, to the appellant, the Linen Service Corporation of Texas, which has a permit to do business in this State, and was then and is now engaged in the linen-supply business in Harris County.

The contract of December 21, 1937, wherein the appellee and his co-owners sold out their business by such written instrument to Peerless Linen Service Company, as recited supra, and in which the quoted undertaking by him to not engage in the same business was contained, was part and parcel with a subsidiary agreement between the Peerless Company and himself and wife, stipulating, as part consideration for such sale of their business, that the Peerless would give them both employment in its own business, from and after that date; this accompanying agreement for employment—insofar as the appellee himself was concerned—was embodied in a writing of December 22, 1937, in which the same undertaking by him not to re-engage in the same business appeared in slightly different form, the duration of such abstinence being limited to a period of one year from and after the termination of that employment; it further contained, however, this express provision that such agreement upon his part should be assignable in the Peerless Company's hands: "(d) It is expressly agreed that covenants (a), (b) and (c) shall inure to the benefit of the Company and its successors and assigns."

Preliminarily to the refusal of the writ, the trial court heard full evidence from both sides, the undisputed showing being that on or about April 20, 1939, shortly after the absorption of the Peerless Company by the appellant, the appellee Robert C. Myres did re-engage in the linen-supply business in Houston, and that he did solicit the patronage of his former customers, in violation of the quoted part of his agreement, and that he was in a position to divert much of the patronage of his former customers from the appellant; hence its business was being seriously damaged by such re-entry upon his part. It further reasonably appears that the appellant had no other adequate remedy at law whereby these injurious consequences of the appellee's renewed activities in the linen-supply business at that place by thus soliciting from and winning away his former customers could be prevented.

The appellee resisted the granting of the writ below and also inveighs against its being awarded in this Court, on these grounds:

(1) That appellant was not a party to the contract between the appellee and the Peerless Company, which was alleged to have been violated, nor was it in privity therewith, hence it had no right nor interest affected thereby.

(2) That the contract of December 21, 1937, between the Peerless and the appellee binding the appellee not to re-engage in the linen-supply business in Harris County for five years was of a personal nature, and the agreement was in privity between them only.

(3) That it was not made for the benefit of a third person, such as this appellant, hence was non-assignable, under subdivision [note] 10 of R. S., Article 569, and such authorities as Morrow v. Camp, Tex. Civ.App., 101 S.W. 819; Allen v. Camp, 101 Tex. 260, 106 S.W. 315; Oak Cliff Ice Delivery Co. v. Peterson, Tex.Civ.App., 300 S.W. 107.

■ Under our authorities it is well settled that such contracts as this one was, limited by the facts recited, are not only valid and enforceable, with the usual legal consequences entailed by a violation, but that they do not contravene the antitrust laws of this State; Jennings v. Shepherd Laundries Co., Tex.Civ.App., 276 S.W. 726, writ of error dismissed; Parisian Live Dyers & Cleaners v. Springfield, Tex. Civ.App., 275 S.W. 1098, writ of error refused; Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S.W. 530.

■ The controlling question in this instance seems to be as to whether or not the contract between the appellee and the Peerless Company, whereby he so bound himself not to re-engage in the linen-supply business in that area for a specified period of five years was assignable, and this Court sees no reason for holding that it was not so; it is true

that the Peerless Company sold out, lock, stock, and barrel, to appellant; but that its president and general manager, Mr. Greenwell, became a stock-holder of and local manager for the appellant in the area affected, and the business he before engaged in as president and general manager of the Peerless was continued there with the same facilities and under the same conditions and with the same customers and clients. So that, no reason occurs to this Court for holding it any the less assignable than was the gin-sale contract in the Malakoff Gin Co. v. Riddlesperger case, supra, which the Supreme Court declared to be clearly so; the only part of the Myres contract here involved is the quoted provision not to engage in the linen-supply, or in any kindred business, in that area for the specified time, and there is no distinctive individual skill, nor peculiar personal quality, in such an undertaking as that; indeed, the two contracts made by appellee Myres with the Peerless Company on the separate days of December 21 and December 22, 1937, relating to the sale of his business and the employment of himself as elements, were parts of the same general arrangement and should be construed together; when they are so looked at, it will be noted that there is no structural difference between the several provisions by which he bound himself not to re-enter the same business; in the one he specified that he would not do so for five years, while in the other it was provided that he would not do so for one year subsequent to the termination of that employment; so that, if he had remained in the Peerless Company's employ for a period of four years, the duration would have been the same in either instance; at all events, the one year had not expired from and after his termination of his employment with it in September of 1938, nor at the time of this hearing, and has not yet expired.

■ Under the facts appearing, it is the opinion of this Court that the writ should have been issued, in that the appellant clearly showed a probable right and a danger to that right, unless injunctive-relief were awarded, within the rules declared by such authorities as Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 221.

Pursuant to these conclusions, the judgment of the trial court will be reversed, and the cause remanded, with instructions to the trial court to grant the temporary-injunction substantially as prayed for, provided the appellant first gives such satisfactory bond as the court shall require.

Reversed and remanded, with instructions.