**PAYNE v. NICHOLS et al.**

No. 11580.

Court of Civil Appeals of Texas. Galveston.

Dec. 9, 1943.

Rehearing Denied Jan. 6, 1944.

Charles Murphy, of Houston, for appellant.

C. M. Hightower, of Houston (Vinson, Elkins, Weems & Francis, of Houston, of counsel), for appellees.

CODY, Justice.

This is an independent action brought by appellant, who was a defendant in a

prior injunction suit, to recover damages from appellee Nichols, who was plaintiff in such prior injunction suit, and to recover damages from his sureties on the injunction bond, for the wrongful issuance of the temporary injunction. This action was filed in the District Court of Harris County on May 4, 1940. In his petition in this action, appellant alleged in substance: That appellee H. H. Nichols (who will hereafter be referred to in this suit as appellee) filed suit on January 22, 1938, styled Nichols v. Payne, and numbered upon the docket of the District Court, as Cause No. 244,503, to obtain a temporary injunction to restrain appellant from engaging in the taxicab business in the City of Houston and County of Harris until final hearing on the merits, and sought a permanent injunction upon final hearing. That in said cause appellee obtained an order requiring appellant to appear therein to show cause on January 31, 1938, why a temporary injunction should not issue as prayed for. That on February 2, 1938, pursuant to such hearing, appellee obtained the temporary injunction he sought against appellant, conditioned, as required by law, that appellee should file a temporary injunction bond in the sum of $500. That appellee, as principal, and Texas General Underwriters and W. G. Hurst, as sureties, executed said bond, which obligated them, among other things "to pay all sums of money that may be adjudged against the defendant Nichols". Appellant, by reference, plead all the pleadings and orders, and the bond in cause No. 244,503.

Appellant further alleged in his petition that by the injunction order issued in cause No. 244,503, he was restrained from either directly or indirectly, as owner, stockholder, partner, employee or otherwise, engaging in the taxicab business in the City of Houston, and from any other acts shown by said order. That plaintiff, as defendant in said cause, filed his answer and contest to the petition of appellee for a temporary and permanent injunction. That as defendant in said cause, plaintiff insisted upon a prompt trial upon the merits thereof, and finally, on the 14th of March, 1940, when the case was up for trial, appellee had the same dismissed at his costs, "and as a result thereof, the injunction was not continued in force and the defendants became liable by the terms of the bond, and this plaintiff (i.e. appellant) says he was caused to suffer damages at the rate of ten dollars per day and other damages in the sum of ten thousand dollars." The petition ends with a prayer that appellees be cited, and that appellant have judgment for his damages, etc.

Appellee and his sureties on the injunction bond filed a joint answer, wherein they pled a general denial, and a special defense. Such special defense consisted in part of a plea of res judicata and judgment by estoppel because of the hearing before the temporary injunction was granted and because appellant did not appeal therefrom. Said portion of the special defense is not before us on appeal, and will not be noticed further. But the answer further pled that on May 12, 1937, appellant by a written contract and for a valuable consideration sold to appellee four certain taxicab meters, and four certain sedan automobiles, and the right to a specified telephone number, and the right to five permits issued to appellant by the City of Houston. The answer alleged the consideration paid and to be paid by appellee, and that appellant also transferred by said contract the good will of his business, and bound himself not to engage in the taxicab business in competition with appellee in the City of Houston and County of Harris for seven years. The answer alleged further that appellant breached the covenant not to engage in the taxicab business in the City of Houston, Harris County, in competition with appellee; and that appellee then filed, as plaintiff, suit in cause No. 244,503, seeking the injunction against appellant. The answer alleges the various proceedings in cause No. 244,503. And it alleges that the aforesaid written contract is clear and reasonable on its face, and is based upon a reasonable consideration, and that said contract provides that appellant shall not engage in the taxicab business for the period of seven years in Houston and Harris County (specifying the particulars of the contract). The answer also alleges that the contract is reasonable as to the time and the territory involved.

To said answer appellant leveled certain special exceptions, which the court overruled, and which in our view have become immaterial on appeal.

The case was tried to a jury, and was submitted on seven special issues, the first six of which are set forth in an abbreviated form, combining the issues and answers. The seventh is set forth verbatim.

1. That, except for the temporary injunction in question, appellant would have continued in the taxicab business during the time same was in force, namely, from February 2, 1938 to March 14, 1940.

2. That he would have made net earnings in said business during said period.

3. That the amount of said net earnings would have been the sum of $5790.

4. That his net earnings during said period were $615.

5. That he failed to make reasonable effort to seek a gainful employment in occupations other than in that in which he was restrained during said period.

6. That had he made such reasonable effort he would have made net earnings, during said period, of $3187.50.

7. Special Issue No. 7 reads:

"Do you find from a preponderance of the evidence that the issuance of the temporary injunction in Cause No. 244,503 was reasonably necessary to protect the defendant, H. H. Nichols, in the taxicab business in which he was interested, or the good will transferred by J. W. Payne to H. H. Nichols by the written instrument dated May 12, 1937?"

Which the jury answered: "Yes".

The appellant states in his brief that he will present only one issue on appeal for determination, and states such issue in this language: "The only issue in this appeal is whether appellee Nichols, after he has by his verified petition demanded a permanent injunction, and by his special solicitation and prayer to the sound judicial discretion of the District Court secured a temporary injunction, by his expressed promise to diligently prosecute the case to a final permanent injunction judgment, and after more than two years delay, he by his personal action dismissed the suit, and the temporary injunction so granted was dissolved in whole, he may thereafter when called upon to 'Pay all sums of money and costs that may be adjudged against him' as 'if the (temporary) injunction granted in said cause be dissolved in whole', as set up as a defense the case as he filed it, and evade liability for damages for the temporary injunction by an issue that he had a cause for the temporary injunction."

[redacted] We are unable to see that appellee, by voluntarily dismissing cause No. 244,503, after he had procured the issuance of a temporary injunction therein, thereby forfeited the right to plead and prove, in justification of the issuance of such temporary injunction, the matters alleged in his application therefor, as against a suit for damages based upon the claim that the same was wrongfully issued. Appellee had the right, by force of Art. 2182, R.S. 1925, to take a nonsuit in cause No. 244,503, at any time before the jury retired, provided he did not thereby prejudice the right of the adverse party to be heard on his claim for affirmative relief; and where the case should be tried before the judge he could take a nonsuit at any time before the decision in the case was announced. Vincent v. Bell, Tex.Civ.App., 22 S.W.2d 753.

Now it is clear that under said statute, had appellant filed a cross-action in cause No. 244,503, for damages upon the injunction bond, appellee could not have prejudiced the right of appellant to have such cross-action heard. But appellee would certainly have had the right to answer to such a cross-action, and plead any defense that he had. If appellee had the right to have the temporary injunction issued when it was issued, and if he continued to have the right to have such injunction kept in force so long as it was kept in force, he did not forfeit such right by exercising his statutory right to dismiss voluntarily cause No. 244,503. It may be that he authorized the dismissal of said cause, as he testified he did, because he sold out his taxicab business in Houston, and was paid off about the time of such dismissal, and so, lost any interest that needed to be protected by injunction. Under such a state of facts testified to by appellee he would no longer have any interest in continuing the injunction in force, but would have an interest in pleading and proving a justification for having had the same issued and kept in force, as against a damage suit upon the bond. And the sureties would likewise have such an interest.

[redacted] The right of a plaintiff to dismiss voluntarily his suit under Art. 2182 is absolute. And it is without any prejudice to any subsequent assertion by him of the matters he asserted in such suit. 26 Tex. Jur., 100. See Scherff v. Missouri P. Ry. Co., 81 Tex. 471, 17 S.W. 39, 26 Am.St. Rep. 828. We do not mean by this that a plaintiff in an injunction suit, after obtain-

ing a temporary injunction, can in anticipation of a damage suit for its wrongful issuance, better his position, or worsen that of his opponent by dismissing his suit. When he has obtained a temporary injunction, a plaintiff has the burden upon the trial of the case upon its merits to justify the issuance thereof, and likewise to justify its perpetuation, where he seeks such perpetuation. Therefore, when he pleads a justification as against a suit for damages for its wrongful issuance (where he has voluntarily dismissed such temporary injunction), the rule should be, and doubtless is, that he has the burden of proof on his justification. In other words, in a suit for damages in such case, by introducing proof of the dismissal of the temporary injunction, the plaintiff thereby, in the suit for damages, makes out a prima facie case of the right to recover damages, and the burden of proof passes to him who obtained the injunction to establish his justification.

■■■ Appellant bases the contention under consideration, as we understand it, upon Art. 4649, which requires a temporary injunction bond " * * * conditioned that the complainant will abide the decision which may be made therein, and * * * will pay all sums of money and costs that may be made therein, and *that he will pay all sums of money and costs that may be adjudged against him if the injunction be dissolved in whole or in part."* (Emphasis ours.) However, as shown above, cause No. 244,503 was dismissed before there was any judgment taken or any basis for a judgment laid. No sums of money were therein adjudged or could have been adjudged against appellee. The matters urged in the pleadings therein, as well as all proceeding therein, by reason of the voluntary dismissal, took on, so to speak, a de novo status. The temporary injunction, and the interlocutory judgment upon which it was based, were in the situation of a judgment in a case that has been appealed from the Justice to the County Court, where it stands upon docket with the judgment vacated, not by reason of any judicial action thereon, but because one of the parties has removed the cause from the Justice to the County Court. The injunction in cause No. 244,503 no longer existed, but it was not dissolved, because it

was not acted on by the court. And only the court can dissolve an injunction in the sense "dissolved" is used in Art. 4649. And Art. 4649 is not in conflict with Art. 2182.

For the reasons stated we overrule appellant's principal contention, as quoted above from his brief.

Appellant urges that special issue No. 7 improperly submits the issue which appellee must establish in order to prove his right to have the injunction issued,—that is to establish his justification as against appellant's suit for damages. It is appellant's contention that appellee was obliged to submit special issues inquiring if the term of the contract as to territory, being Harris County, was reasonable and necessary to protect appellee in the purchase of the property from appellant. And also if the terms of the contract as to time, being seven years, was reasonable and necessary to protect appellee in the purchase of the property from appellant.

Appellant bases his contention as to the issues that he considers should have been given the jury upon Southern properties, Inc., v. Carpenter, Tex.Civ.App., 21 S.W.2d 372, and an earlier appeal of the same case reported in Tex.Civ.App., 299 S.W. 440. Without passing upon whether or not the case cited by him would require the submission of such issues were this the case such as the cited case, we point out that the cited case deals with the question of the validity of a covenant by an employee to refrain from engaging in a similar or competing business for a definite period of time following the termination of a contract of employment.

The contract here involved deals with the question of the validity of a covenant, by the seller of a business and its good will, not to engage in a competing business in a specified community for a specified time. " 'Restraints which may fairly be regarded as * * * reasonable when imposed in connection with the sale of a business or good will, or with the transfer of patent rights or of a trade secret, or of the dissolution of a partnership, should not be accepted in all cases as necessarily or even approximately applicable to restraints imposed upon employees to whom the only consideration for their covenant is the employment and receipt of wages or remun-

eration for a more or less certain number of years.'", quoted in Byers v. Trans-Pecos Abstract Co., Tex.Civ.App., 18 S.W.2d 1096, 1098, 1099. The court then goes on, in said case, to say:

"We also are of the opinion that the case before us is vastly different from those cases in which the sale of a business and its good will are involved.

"In the case of the sale of an established business, the good will has a value, and, in the performance by the seller of his covenant not to engage in the business for a definite time in a definite locality, he is merely making secure that which he sold for a consideration."

Here the appellee put in evidence the contract of sale which he pled. It is in writing. The contract is too lengthy to be here inserted. But in it appellant recites that he is the sole owner of what is known as Preston 4400 Taxicab line, which he is operating under the name of "Arrow Taxis"; he states therein that for a consideration of $1236 cash paid by Nichols, and the assumption by Nichols of the payment of two debts owing by appellant in the sum of $944 and $85, that he sells to Nichols (1) four certain taxicab meters now used by appellant, (2) four certain sedans, (3) the right to telephone number known as Preston 4400, (4) the right to 5 permits to operate taxicabs within the City of Houston. The contract then provides that for the same consideration the appellant binds himself "not to engage, either directly or indirectly, as owner, stockholder, partner, employee or otherwise * * *" in the taxicab business in Harris County for a period of seven years next succeeding the date of the contract, and for said consideration sells and transfers the good will of the business.

The question of the validity of the covenant in a written contract which is clear and unambiguous is for the court. Richardson v. Webster Pub. Co., Tex.Civ.App., 46 S.W.2d 384; Linen Service Corporation v. Myers, Tex.Civ.App., 128 S.W. 2d 850. And the question was properly submitted to the jury in Special Issue No. 7.

We have in our opinion covered the points presented in appellant's brief, and, for the reasons given, overrule them. The judgment of the trial court is affirmed.

Affirmed.