Ron LEVINE and Serena
Levine, Appellants,

v.

BAYNE, SNELL & KRAUSE,
LTD., Appellee.

No. 04–98–00906–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 18, 1999.

Roger W. Hughes, Adams & Graham, Harlingen, Barry Snell, Bayne Snell & Krause, San Antonio, Jane M. N. Webre, Scott Douglass & McConnico, Austin, for Appellants.

Dana R. Allison, Allison Law Firm, Brownsville, Stephen E. McConnico, Scott Douglass & McConnico, Austin for for Respondent.

Tom RICKHOFF, Justice, Sarah B. DUNCAN, Justice, Karen ANGELINI, Justice.

## OPINION

ANGELINI, Justice.

### Nature of the case

Ron and Serena Levine appeal from a summary judgment granted in favor of

1. At the time the Levines contracted with Bayne, Snell & Krause, P.C., the law firm was operated as a professional corporation. During the appeal of the Levine's case, Bayne,

Bayne, Snell, & Krause, Ltd. Bayne, Snell, & Krause, Ltd. filed suit against the Levines to recover attorney's fees under a contingency fee contract. On appeal, the Levines argue that the court erred in denying their motion to dismiss and motion for summary judgment and granting Bayne, Snell & Krause, Ltd.'s second motion for summary judgment. We affirm the judgment.

### Factual Background

Bayne, Snell & Krause, P.C.[1] represented the Levines in a DTPA suit alleging that Donald and Pat Smith, who sold the Levines their home, failed to disclose foundations defects. The Levines entered into a contingency fee contract with Bayne, Snell, & Krause, P.C. The contingency fee contract provided in pertinent part:

> Client agrees to pay attorney as attorney's fees for such representation 33–1/3% (1/3) of any amount received by settlement or recovery and to receive such payments, Client assigns to attorney a 33–1/3% (1/3) undivided interest in his cause of action.

> Any attorneys fees awarded by any court shall go to my attorneys in addition to the above percentages of recovery.

In the DTPA case, the jury found in favor of the Levines and awarded the following amount of damages:

| | |
|---|---|
| Actual damages: | $ 62,600 |
| Prejudgment interest: | $ 20,383 |
| Statutory penalty: | $ 2,000 |
| Additional Damages: (Donald Smith) | $ 65,000 |
| Additional Damages: (Pat Smith) | $ 32,750 |
| Attorney's fees: | $ 60,911 |

(Equal to 33⅓% damages)

| | |
|---|---|
| TOTAL: | $243,644 |

Snell & Krause, P.C. changed the entity to that of a limited liability partnership and then changed the corporate form to Bayne, Snell, & Krause, Ltd.

Because the Smiths had financed the house themselves and the Levines had failed to make mortgage payments after discovering the defect, the Smiths counterclaimed based on the Levine's failure to pay the mortgage note. The court found that the Smiths were entitled to recover the principal balance due on the real estate note, accrued interest and attorney's fees which totaled $161,851.38. The court then found that the amounts recovered by the Levines would be offset by the damages recovered by the Smiths. After the offset, the Levines received a recovery of $81,792.62.

After this court affirmed the judgment in the DTPA case and the Supreme Court denied the writ of error, the Smiths sent the Levines a check in the amount of $104,110.31 which included the amount of $81,792.62 plus interest that had accrued during the appellate process. *See Smith v. Levine*, 911 S.W.2d 427 (Tex.App.—San Antonio 1995, writ denied). After receiving the check, the Levines endorsed the check over to the law firm. Because Bayne, Snell & Krause, Ltd. claimed attorney's fees of $155,866.13, they kept the check as partial satisfaction of the attorney's fees.[2] Bayne, Snell, & Krause, Ltd. expected to receive the remainder of their attorney's fees after the Levines sold the house. After selling the house, the Levines, however, refused to pay the remainder of the attorney's fees and Bayne, Snell,

& Krause, Ltd. filed suit to recover their fees. On the day of trial, the court granted Bayne, Snell & Krause, Ltd.'s Rule 248 motion and its second motion for summary judgment, finding that Bayne, Snell & Krause, Ltd. was entitled to an additional $51,755.82 in attorney's fees under the contingency fee contract.[3]

## Proper Party

In the first and second issues, the Levines claim that the court erred in not granting their motion to dismiss and in granting the motion for summary judgment because Bayne, Snell & Krause, Ltd. had no standing due to a lack of a justiciable interest in the present action. The Levines contend that their contract was not with Bayne, Snell & Krause, Ltd. but rather with Bayne, Snell & Krause, P.C. The Levines raised this issue in the trial court by way of a verified denial and a motion to dismiss. In response to the motion to dismiss, Bayne, Snell & Krause, Ltd. amended its petition to include as parties Bayne, Snell & Krause, P.C. and Bayne, Snell & Krause, L.L.P., its predecessors. In its motion for summary judgment, the law firm argued that Bayne, Snell & Krause, Ltd. was a proper party to this cause of action by virtue of having been assigned the obligations and accounts from its predecessor entities. As proof, Bayne, Snell & Krause, Ltd. attached

---

**2.** Bayne, Snell & Krause calculated the attorney's fees as follows:

| | | |
|---|---|---:|
| A. Recovery (minus $60,911) | $ | 182,733 |
| Costs | $ | 2,463.90 |
| | $ | 185,196.90 |
| Less expenses | | -$5893.96 |
| Net recovery | $ | 179,302.93 |
| | | ÷ 3 |
| Contingency fee | $ | 59,767.64 |
| | $ | 59,767.64 . |
| B. Court awarded attorney's fees | $ | 60,911 |
| | $ | 120,678.64 |
| C. Post-judgment interest | $ | 29,293.53 |
| | $ | 149,972.17 |
| D. Reimbursement for expenses | $ | 5,893.96 |
| | $ | 155,866.13 |

**3.** Rule 248 provides: "When a jury has been demanded, questions of law, motions, exceptions to pleadings, and other unresolved pending matters shall, as far as practicable, be heard and determined by the court before the trial commences, and jurors shall be summoned to appear on the day so designated." TEX. R. CIV. P. 248.

sworn copies of the assignments of the obligations and accounts from Bayne, Snell & Krause, P.C. to Bayne, Snell & Krause, L.L.P. and assignments from Bayne, Snell & Krause, L.L.P. to Bayne, Snell & Krause, Ltd.

The Levines argue that the contract was not assignable without their consent because it involved personal services. *See Allen v. Camp,* 101 Tex. 260, 106 S.W. 315 (1908) (finding that contracts involving personal services and trust are not assignable); *Zuniga v. Groce, Locke, & Hebdon,* 878 S.W.2d 313, 316 (Tex.App.—San Antonio 1994, writ ref'd) (finding that due to personal nature of the attorney-client relationship, legal malpractice claims are not assignable). Attorneys, however, can assign their accounts receivable which includes current, future earned or unearned attorney's fees. *See Hennigan v. Hennigan,* 666 S.W.2d 322, 325 (Tex.App.—Houston [14th Dist.] 1984), *writ ref'd n.r.e.,* 677 S.W.2d 495 (Tex.1984). Because the assignment involved the contractual right of payment, the court did not err in denying the Levine's motion to dismiss based on improper party. Further, the court did not err in granting the motion for summary judgment on the basis that Bayne, Snell & Krause, Ltd. was not the proper plaintiff. Therefore, we overrule the Levines's first and second issues.

### Contingency Fee Contract

In the third issue, the Levines argue that the court erred in denying their motion for summary judgment and granting Bayne, Snell, & Krause, Ltd.'s motion for summary judgment because the court improperly construed the contingency fee contract. When both parties file a motion for summary judgment and the trial court grants one and denies the other, the court

of appeals can review the propriety of both orders. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). The court of appeals should determine all questions presented and may reverse the judgment and render such judgment as the trial court should have rendered. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). In a motion for summary judgment, the movant has the burden to show that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). All evidence which favors the non-movant is taken as true. *Id.* Every reasonable inference is indulged and all doubts are resolved in favor of the non-movant. *Id.*

In their respective motions for summary judgment, the parties urged different interpretations of the contingency fee contract, but agreed that the contract was unambiguous.[4] If a written instrument can be given a definite legal meaning or interpretation, it is not ambiguous and the court will construe the contract as a matter of law. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). Under the rules of contract interpretation, we presume that the parties to a contract intended every clause to have some effect. *See Ogden v. Dickinson State Bank,* 662 S.W.2d 330, 332 (Tex.1983). We give terms their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense. *See Western Reserve Life Ins. Co. v. Meadows,* 152 Tex. 559, 261 S.W.2d 554, 557 (1953).

The Levines argue that the plain meaning of the clause providing attorney's fees as "33–1/3% of any amount received

---

4. On appeal, however, the Levines ask this court to determine whether the contingency

fee contract was ambiguous which we will address in issue five.

by settlement or recovery" includes only the amount actually received by the Levines. Although the jury awarded the Levines damages in the amount of $243,644, that figure was offset by the amount the Levines owed on their mortgage. Thus, under the Levine's interpretation, the attorneys would be entitled to 1/3 of the recovery the Levines received in cash, or 1/3 of $104,110.31. Bayne, Snell & Krause, Ltd. on the other hand contend that the Levines received the amount of $243,644, despite the fact that a portion of the recovery went to pay off the mortgage. Therefore, under Bayne, Snell & Krause, Ltd.'s interpretation, the firm is entitled to 1/3 of $243,644. We agree with Bayne, Snell & Krause, Ltd. that, under the plain language of the contract, the Levines received $243,644 and Bayne, Snell & Krause, Ltd. are entitled to 1/3 of that amount minus the court awarded attorney's fees.

■ The Levines also take issue with the contractual phrase "Any attorneys fees awarded by *any court* shall go to my attorneys in addition to the above percentages of recovery." (emphasis added). They argue that because the jury, and not the court, awarded the Levines attorney's fees under the DTPA, Bayne, Snell & Krause, Ltd. are not entitled to the attorney's fee award. The Levines argue that, under the DTPA, only the trier of fact can award attorney's fees. *See Martin v. McKee Realtors, Inc.,* 663 S.W.2d 446, 448 (Tex. 1984). Further, the Levines contend that the signing of the judgment is a purely ministerial act and that jury-awarded attorney's fees cannot be transformed into court-awarded attorney's fees by the mere act of signing the judgment.

In response, Bayne, Snell & Krause, Ltd. urge that, although the jury makes a factual determination when it finds an amount of attorney's fees, it is the court that awards attorney's fees in its judg-ment. We agree. The attorney's fees awarded to the Levines in the judgment constituted "any attorneys fees awarded by any court" as provided by the contingency fee contract.

■ The Levines also argue that receiving attorney's fees under the 1/3 clause and under the court-awarded attorney's fees clause amounts to a double recovery of attorney's fees. The contingency fee contract, however, provides expressly for both recoveries, and the court-awarded attorney's fees clause even states that it is in addition to the 1/3 recovery. For the first time on appeal, the Levines argue that the contingency fee contract was invalid because it resulted in an unconscionable fee which violates the Texas Disciplinary Rules of Professional Conduct. The Levines have waived this allegation however because they failed to allege unconscionability as an affirmative defense in their answer or in their motion for summary judgment. *See* TEX. R. APP. P. 33.1(a); *Brown v. Aztec Rig Equip., Inc.,* 921 S.W.2d 835, 846 (Tex.App.—Houston [14th Dist.] 1996, writ denied) (finding that unconscionability of a contract is an affirmative defense).

■ In their fifth issue, the Levines also ask this court to determine whether the contract was ambiguous and if so, whether the court erred in denying them leave to file their amended answer alleging ambiguity and denying their motion for continuance. Although the Levines attempted to amend their answer four days before trial to include ambiguity, the court denied leave to file the amended answer. *See* TEX. R. CIV. P. 63. On appeal, the trial court's denial will not be disturbed unless an abuse of discretion is shown. *See Hardin v. Hardin,* 597 S.W.2d 347, 349 (Tex.1980). Because the Levine's amended answer attempted to assert the affirmative defense of ambiguity after both

parties had alleged that the contingency fee contract was unambiguous, the court did not abuse its discretion by denying leave to file the amended answer. Likewise, the court did not abuse its discretion by denying the Levine's motion for continuance. *See General Motors, Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex.1997) (review of denial of continuance subject to abuse of discretion standard).

 Further, we find that the contract is not reasonably susceptible to more than one interpretation. *See Coker*, 650 S.W.2d at 393 (finding contract ambiguous when susceptible to more than one interpretation). Although the parties disagree on the interpretation, "an ambiguity does not arise simply because the parties advance conflicting interpretations of the contract." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996). Because the contract was unambiguous, the court did not err in denying the Levine's motion for leave to file an amended answer and denying their motion for continuance. Therefore, we overrule the fifth issue.

Having reviewed the terms of the contingency fee contract, we find that Bayne, Snell & Krause, Ltd. are entitled to 33–1/3% of the amount received by the Levines, without applying the offset for the amount the Levines owed on the mortgage. We further find that Bayne, Snell & Krause, Ltd. are entitled to the court-awarded attorney's fees. Because Bayne, Snell & Krause, Ltd. showed that no genuine issues of material fact existed and that they were entitled to summary judgment as a matter of law, the court did not err in denying the Levine's motion for summary judgment and granting Bayne, Snell &

Krause, Ltd.'s motion for summary judgment. We overrule the third issue.

### Interest

 In the fourth issue, the Levines urge that the court erred in calculating attorney's fees and including interest. In the motion for summary judgment, Bayne, Snell & Krause, Ltd. attached the "Attorney Fee Computation" provided to the Levines. In their response to the motion for summary judgment, the Levines did not complain about the "Attorney Fee Computation." On appeal, the Levines argue that the contract does not set forth the intended calculation of attorney's fees. As stated above, we find that the contingency fee contract provides attorney's fees in the amount of 1/3 of the recovery received by the Levines and any court-awarded attorney's fees. Based on the "Attorney Fee Computation," the court correctly awarded Bayne, Snell & Krause, Ltd. the amount of $51,755.82.[5]

The Levines also complain about the court's award of post-judgment interest in the amount of 10% per annum totaling $29,293.53 on the basis that the contingency fee contract did not include any provision for interest. Because the judgment in the DTPA case awarded post-judgment interest at 10% per annum on the damages and attorney's fees, the court correctly included interest. We find that the court did not err in calculating attorney's fees or by including interest. Accordingly, we overrule the fourth issue.

### Defenses

 In the sixth issue, the Levines argue that the court erred in dismissing the jury and striking all of their defenses. The Levines contend that sufficient evi-

---

**5.** The "Attorney Fee Computation" reflected that the total amount of attorney's fees was $155,866.13. Because Bayne, Snell & Krause, Ltd. kept the $104,110.31 check, the balance owed was $51,755.82.

dence exists in the record to support their defenses. Contrary to the Levine's assertion, the court did not strike their defenses but rather found that Bayne, Snell & Krause, Ltd. proved their entitlement to summary judgment as a matter of law. In response to the motion for summary judgment, the Levines had the burden to create a fact issue about their affirmative defenses or prove them as a matter of law in order to be entitled to summary judgment. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984) (finding that defendant can defeat a motion for summary judgment by creating fact issue about affirmative defense). Although the affirmative defenses of accord and satisfaction, estoppel, fraud, payment and release/waiver were pled in the Levine's amended answer, the Levines presented no summary judgment evidence as to these defenses. Therefore, we overrule the sixth issue.

### Venue

In the seventh issue, the Levines argue that the court erred in denying their motion to transfer venue because, at the time the cause of action accrued, they resided in Cameron County. Bayne, Snell & Krause, Ltd. contend that venue was proper in Bexar County because the contingency fee contract was signed and fully performed in Bexar County. Under the general venue rule, all lawsuits shall be brought:

> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1)-(2) (Vernon Supp.1999). Because the contingency fee contract was reviewed, discussed, executed, and performed in Bexar County, a substantial part of the events giving rise to the claim occurred in Bexar County. *See Procter v. Foxmeyer Drug Co.,* 884 S.W.2d 853, 863 (Tex.App.—Dallas 1994, no writ) (finding venue proper in county where contract was executed). Therefore, venue was proper in Bexar County and the court did not err in denying the Levine's motion to transfer venue. We overrule the seventh issue.

Accordingly, we affirm the summary judgment.