In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-586 CV


____________________



JOHN E. STOCKTON, Appellant



V.



COTTON BLEDSOE TIGHE & DAWSON, P.C., Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 64,194






MEMORANDUM OPINION (1)


 Cotton Bledsoe Tighe & Dawson, P.C. represented John E. Stockton in a lawsuit
arising out of the partnership dissolution of a longhorn cattle operation. The jury in that
case found for Stockton, but he has not collected on his judgment because the defendant,
Russell Fairchild, filed bankruptcy. We abated the appeal of that litigation, styled
Fairchild v. Stockton, No. 09-03-200 CV. See Tex. R. App. P. 8. In an effort to collect
outstanding invoices for its legal fees, Cotton Bledsoe initiated the case now on appeal.
Stockton filed a counterclaim against Cotton Bledsoe for deceptive trade practices and
fraud in a real estate transaction, along with other claims not at issue on appeal. After
granting Cotton Bledsoe's motion for partial summary judgment on Stockton's
counterclaims, the trial court submitted Cotton Bledsoe's breach of contract claim to a
jury, which found for the plaintiff but made a zero damages finding on the question
regarding Cotton Bledsoe's attorney's fees for trial of the instant case. The trial court
disregarded that particular finding and awarded $66,000.00 in addition to the breach of
contract damages found by the jury. Both Stockton and Cotton Bledsoe appealed. 

 Stockton challenges venue in his first issue. When examining a venue ruling, we
review the entire record, including the trial on the merits, to determine whether venue was
proper in the ultimate county of suit. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b)
(Vernon 2002). If probative evidence supports the trial court's determination, we must
uphold the trial court's venue determination even if the preponderance of the evidence is
to the contrary. Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993). We view the
record in the light most favorable to the trial court's ruling, but we do not defer to the trial
court's application of the law to the facts of the case. Id. 

 Cotton Bledsoe argues that venue was proper in Liberty County under the general
venue statute because all or a substantial part of the events giving rise to the suit occurred
there. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1) (Vernon 2002). Stockton
argues that venue was proper in the county of his residence, San Jacinto County, under the
general venue statute. See Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(2) (Vernon
2002). However, the issue is not whether venue would have been proper in another
county, but whether venue was proper in the county where the plaintiff filed its suit. In
Kay v. North Tex. Rod & Custom, 109 S.W.3d 924, 925-26 (Tex. App.--Dallas 2003, no
pet.), the trial court properly transferred a case to the county of the defendant's residence
because no part of the contract for services was performed in the county where the plaintiff
filed the suit. In Levine v. Bayne, Snell & Krause, Ltd., 92 S.W.3d 1, 8 (Tex. App.--San
Antonio 1999), rev'd on other grounds, 40 S.W.3d 92 (Tex. 2001), the court held the
cause of action in a suit to recover legal fees accrued in the county where the contingency
fee contract was signed and fully performed. In our case, the contract was executed
elsewhere, but Cotton Bledsoe filed the Fairchild suit in Liberty County, conducted its
personal client meetings with Stockton in Liberty County, took depositions there, and
prosecuted a ten-day-long jury trial in that county. Thus, a substantial part of the legal
services rendered under the contract were performed in the same county in which Cotton
Bledsoe filed its suit. Therefore, venue was proper under Section 15.002. Issue one is
overruled. 

 In his second issue, Stockton contends the trial court erred in granting summary
judgment on his claim for deceptive trade practices because the Cotton Bledsoe lawyer
representing Stockton in the Fairchild litigation "quoted an estimate of $25,000-$35,000
and yet he still charged appellant over $350,000." A claim for damages based upon the
rendering of a professional service, the essence of which is the providing of advice,
judgment, opinion, or similar professional skill, is exempt from the DTPA. Tex. Bus. &
Com. Code Ann. § 17.49(c) (Vernon Supp. 2005). An exception to the exemption applies
to: (1) an express misrepresentation of a material fact that cannot be characterized as
advice, judgment, or opinion; (2) a failure to disclose information concerning goods or
services which was known at the time of the transaction if such failure to disclose such
information was intended to induce the consumer into a transaction into which the
consumer would not have entered had the information been disclosed; or (3) an
unconscionable action or course of action that cannot be characterized as advice, judgment,
or opinion. Id., see also Tex. Bus. & Com. Code Ann. § 17.46(b)(24) (Vernon Supp.
2005). Stockton argues he relied on the estimate and the attorney knew he did not wish
to proceed if the fees were to exceed $50,000, but Stockton failed to dismiss Cotton
Bledsoe and continued to accept its services long after monthly billing disclosed that the
accrued legal fees exceeded the estimate. An estimate of legal fees to prosecute a suit is
by its nature an expression of professional opinion. There is no evidence that Cotton
Bledsoe failed to disclose when the fees exceeded that estimate, and no evidence or
allegation that the attorney knew the fees would exceed his estimate when he made it. 
Issue two is overruled.

 In his third issue, Stockton contends the trial court erred in granting summary
judgment on his claim of fraud in a real estate transaction. See Tex. Bus. & Com. Code
Ann. § 27.01 (Vernon 2002). Here, the appellant argues that he may pursue a claim for
statutory fraud under Section 27.01 because Cotton Bledsoe billed him $600 for conducting
title research in the county clerk's office. "Section 27.01 only applies to misrepresentations
of material fact made to induce another to enter into a contract for the sale of land or
stock." Burleson State Bank v. Plunkett, 27 S.W.3d 605, 611 (Tex. App.--Waco 2000,
pet. denied). The transaction at issue in this litigation is for legal services, and as a matter
of law is not a "real estate transaction." Issue three is overruled.

 Stockton's fourth issue presents his complaint that the trial court should have
granted additional time for amending pleadings. He also complains about the entry of a
motion in limine, which he suggest limited his claims and defenses. The case upon which
he relies, Knox v. Long, 152 Tex. 291, 298, 257 S.W.2d 289, 293 (1953), involved a
sanction for failing to appear for a deposition. That case is inapposite to our case, in
which the trial court struck an amended answer filed after the deadline for amending
pleadings set by the scheduling order. The trial court has broad discretion in managing
its docket, and the appellate court will not interfere with the exercise of that discretion
absent a showing of clear abuse. Clanton v. Clark, 639 S.W.2d 929, 931 (Tex. 1982). 
The appellant argues that the case involved "convoluted fact issues and counterclaims" but
he does not explain why he could not comply with the scheduling order agreed to by the
parties. Stockton did file a motion to reschedule due to back surgery performed on counsel
after the deadline for amending pleadings, but that motion only requested additional time
to replead his counterclaim. Stockton did amend his counterclaim, and that document was
not affected by the order striking the late-filed amended answer. Finding no abuse of
discretion by the trial court, we overrule issue four.

 The fifth issue contends the trial court erred in granting summary judgment of
Stockton's deceptive trade practices claim for unconscionable acts, when Cotton Bledsoe
sued Stockton outside of his county of residence and egregiously overcharged attorney's
fees. Stockton alleged Cotton Bledsoe's conduct was unconscionable because it violated
two provisions of the "laundry list," namely Sections 17.46(b)(23) and (24). See Tex.
Bus. & Com. Code Ann. § 17.46(b)(23), (24) (Vernon Supp. 2005). Cotton Bledsoe's
motion for summary judgment averred there was no evidence that Cotton Bledsoe's filing
of suit against him in Liberty County was a producing cause of damages or that Stockton
sustained damages as a result of Cotton Bledsoe's filing suit against him in Liberty County.
In his response, Stockton mentions transportation expenses to Liberty County, 45 minutes
from Stockton's home, but the affidavit attached to the response mentions neither what
those transportation expenses might be, nor how much they would exceed transportation
expenses had the suit been filed in Stockton's county of residence. (2) Thus, the trial court
did not err in granting summary judgment as to the claim relating to Section 17.46(b)(23). 
The trial court did not err in granting summary judgment as to the claim relating to Section
17.46(b)(24) for the reasons explained in our discussion of the appellant's second issue. 
Issue five is overruled. 

 Stockton's seventh issue contends the trial court erred in granting summary
judgment on his claim for deceptive trade practices, where the lawyer at Cotton Bledsoe
made express representations to Stockton that Fairchild had sufficient assets to cover any
judgment and attorney's fees. Although he did not allege that the attorney knew Fairchild
lacked the assets to pay the judgment, Stockton's first amended petition alleged that had
he "correctly researched the records" the attorney could have discovered Fairchild has
only an undivided interest in a particular 500 acre tract, that "if he had done a title search
it would have cost John Stockton thousands" and that the representations violated Section
17.46(b)(24). In its motion for summary judgment, Cotton Bledsoe argued that the alleged
representations were statements of opinion, and that Stockton had no evidence that the
representations were false, that the speaker knew they were false, that Stockton relied on
the representations, or that he suffered damages as a result of his reliance. Stockton's
summary judgment response does not address the knowledge element of a Section
17.46(b)(24) claim. 

 On appeal, Stockton urges the exception expressed in Section 17.49(c)(1) for
express misrepresentations of material facts precludes summary judgment in this case. The
exception applies to representations "that cannot be characterized as advice, judgment, or
opinion." Tex. Bus. & Com. Code Ann. § 17.49(c)(1) (Vernon Supp. 2005). A lawyer's
assessment of a potential defendant's ability to satisfy a judgment can be characterized as
advice, judgment, or opinion. In addition, the allegations in Stockton's pleadings were that
Cotton Bledsoe should have discovered Fairchild did not have extensive assets, not that it
knew but failed to disclose the facts to its client. We conclude the trial court did not err
in granting summary judgment on Stockton's claim for deceptive trade practices. Issue
seven is overruled.

 The final two issues concern Cotton Bledsoe's attorney's fees incurred in filing this
suit. Stockton's sixth issue contends the trial court erred in disregarding the jury's "zero"
finding to the issue of Cotton Bledsoe's recovery of attorney's fees for prosecuting its suit
to recover attorney's fees. Cotton Bledsoe brings a point of error that the trial court erred
in awarding it only $66,000 for its attorney's fees, when the uncontroverted evidence
established it was entitled to $85,797. Both issues present an issue of legal sufficiency of
the evidence on attorney's fees, as opposed to one of the factual sufficiency of that
evidence. Cotton Bledsoe argues no evidence supports the "zero" finding and that it
conclusively established a greater amount of attorney's fees than that awarded by the trial
court. Stockton argues the "zero" finding is justified because the jury could have found
the testimony regarding fees to not be credible. 

 A trial court may disregard a jury's verdict and render judgment non obstante
veredicto if there is no evidence to support the jury's findings or if an instructed or
directed verdict would have been proper. In determining whether there is no evidence to
support the jury's finding, and thus uphold the trial court's judgment non obstante
veredicto, we consider the evidence and the reasonable inferences therefrom in the light
most favorable to the verdict. Brown v. Bank of Galveston, Nat'l Ass'n, 963 S.W.2d 511,
513 (Tex. 1998). An instructed verdict is proper only where no evidence of probative
force raises a fact issue on the material questions in the suit. See Prudential Ins. Co. of
Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000). Even though the evidence
is uncontradicted, "if it is unreasonable, incredible, or its belief is questionable, then such
evidence would only raise a fact issue to be determined by the trier of fact." Ragsdale v.
Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990). "In order for the court to
award an amount of attorneys' fees as a matter of law, the evidence from an interested
witness must not be contradicted by any other witness or attendant circumstances and the
same must be clear, direct and positive, and free from contradiction, inaccuracies and
circumstances tending to case [sic] suspicion thereon." Id. In Brown v. Bank of
Galveston, 963 S.W.2d at 515, the court held uncontradicted testimony on the amount of
attorney's fees conclusively established the amount, where the opposing party "had the
means and opportunity of disproving the testimony and failed to do so." 

 Cotton Bledsoe recovered on its claim on a written contract; therefore, it is entitled
to reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (Vernon
1997). The $85,797 in legal fees testified to at trial consisted of 230.4 hours at $225 per
hour by the attorney and 377.3 hours at $90 for the paralegal. An attorney testified that
the fees were reasonable and necessary. Although Cotton Bledsoe submitted detailed
billing records, no attempt was made to identify the time expended in defense of Stockton's
claims against Cotton Bledsoe as opposed to pursuit of Cotton Bledsoe's claim against
Stockton. Some of the entries clearly relate to only the claim or to the defense, but many
others are not discernable from the exhibit, and none of the testimony in the record
addresses the matter. 

 When a lawsuit involves multiple claims, the plaintiff has a duty to segregate
non-recoverable fees from recoverable fees. Stewart Title Guar. Co. v. Sterling, 822
S.W.2d 1, 11 (Tex. 1991). Nonetheless, evidence of unsegregated attorney's fees is more
than a scintilla of evidence of segregated fees. See id. An award of attorney's fees was
mandatory, and Cotton Bledsoe produced evidence of the value of services rendered.
Therefore, no evidence supports the jury's "zero" finding, and the trial court did not err
in disregarding that finding. Because Cotton Bledsoe failed to segregate recoverable fees
from unrecoverable fees, it failed to conclusively establish the value of its services. 
Therefore, the trial court did not err in failing to award $85,797 in attorney's fees. In
Minnesota Min. and Mfg. Co. v. Nishika Ltd., 953 S.W.2d 733, 739 (Tex. 1997), the
Supreme Court remanded the case for a redetermination of attorney's fees. That case
differed from this one in two important respects: in that case, the failure to segregate had
been raised in the trial court, while in this case the failure to segregate was not raised, and
Cotton Bledsoe has not requested a remand. In this case, the trial court may have perused
the billing records to determine what portion of those records were attributable to the
contract claim as a matter of law. Neither litigant presents an argument that the trial court
would have erred in so doing. As both Stockton's and Cotton Bledsoe's legal challenges
to the award fail, we overrule Stockton's sixth issue and the sole issue raised by Cotton
Bledsoe. The judgment is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on October 14, 2004

Opinion Delivered January 13, 2005


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. According to the plaintiff's original petition, Stockton resides in Cleveland, San
Jacinto County, Texas. Cleveland is roughly equidistant from the county seats of San
Jacinto County and Liberty County.