Brad KAY, Appellant,

v.

**NORTH TEXAS ROD & CUSTOM
and Jack Ellison, Appellees.**

No. 05–02–00697–CV.

Court of Appeals of Texas,
Dallas.

July 18, 2003.

Thomas Matthew Whelan, McGuire, Craddock, Strother, & Hale, P.C., Dallas, for Appellant.

David Anthony Asbill, Forney, for Appellee.

Before Justices WRIGHT, FITZGERALD and LANG.

## OPINION

Opinion By Justice Wright.

Brad Kay appeals a take nothing summary judgment. In three points of error, Kay asserts the trial court erred in transferring venue from Dallas County to Kaufman County and in granting summary judgment in favor of Jack Ellison and North Texas Rod & Custom (collectively Ellison). We overrule Kay's first point of error, sustain his second and third points of error, reverse the trial court's judgment, and remand this case for a new trial.

### Background

Kay and Ellison entered into an agreement for Ellison to restore Kay's 1942 Ford truck. Kay paid Ellison for his work. A dispute later arose as to the quality of the work and Kay sued Ellison alleging causes of action for violations of the Deceptive Trade Practices Act and breach of contract. Ellison moved for and the trial court granted summary judgment.

### Venue

We review *de novo* a trial court's order transferring venue. The general venue rule is that suit shall be filed in either (1) the county in which all or a substantial part of the events giving rise to the claim occurred, (2) the county of the defendant's residence if the defendant is a natural person, or (3) the county of the defendant's principal office if the defendant is not a natural person. TEX.CIV. PRAC. & REM.CODE ANN. § 5.002(a)(1),(2), & (3) (Vernon 2002). When a plaintiff files claims under the DTPA, suit may be brought in a county in which the defendant solicited the transaction. TEX. BUS. & COM. CODE ANN. § 17.56(2) (Vernon 2002). If the county chosen in a lawsuit was a county of proper venue, then a county to which a suit is transferred, "cannot be a county

of proper venue as a matter of law." *Wilson v. Texas Parks & Wildlife Dep't*, 886 S.W.2d 259, 261–62 (Tex.1994). Accordingly, we look to determine whether there is any probative evidence that venue would have been proper in Dallas County. *Id.*

Ellison is the president of North Texas Rod & Custom. Ellison resides in and his business is located in Kaufman County. Kay sued Ellison in Dallas County alleging that venue was proper in Dallas County because Ellison had telephoned Kay at his place of business in Grand Prairie, Dallas County, Texas, to solicit his business. *See* Tex. Bus. & Com.Code Ann. § 17.56(2) (Vernon 2002). Ellison filed a motion to transfer venue to Kaufman County. In an affidavit attached to his motion, Ellison denied calling Kay to solicit his business. According to Ellison, he met Kay previously in Fort Worth where Kay asked Ellison for a business card. Over one year later, Kay contacted him about restoring Kay's truck. That same day, Ellison picked up Kay's truck at a location in Tarrant County. Denying that any part of the transaction occurred in Dallas County, Ellison insisted that venue was proper in Kaufman County. *See* Tex. Civ. Prac. & Rem.Code Ann. § 15.002(a)(2) & (3) (Vernon 2002).

■ The order transferring venue to Kaufman County recites that the trial court conducted a hearing on the motion to transfer venue. We do not have a reporter's record from this hearing and none was requested. Accordingly, we presume the evidence presented at the hearing supports the trial court's order. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex.1993). Moreover, Kay had no proof of a phone call that would support venue in Dallas County. Ellison, however, submitted his phone records from the time period that Kay alleged the solicitation phone call took place. Ellison's phone records showed no incoming or outgoing call from Ellison to Kay. We conclude the trial court did not err in transferring venue to Kaufman County. We overrule Kay's first point of error.

### Summary Judgments

■ Kay asserts, in his second and third points of error, the trial court erred in granting Ellison's (1) motion for no-evidence summary judgment on Kay's claims and (2) motion for summary judgment on his affirmative defenses. In a no-evidence motion for summary judgment, the movant must specifically state the elements for which there is no evidence. Tex.R. Civ. P. 166a(i). The nonmovant must then bring forth evidence that raises a fact issue on the challenged elements. *Id.* A no-evidence motion for summary judgment is essentially a pre-trial directed verdict to which we apply the same legal sufficiency standard of review. *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App.-Dallas 2002, no pet.).

In his motion for no-evidence summary judgment, Ellison challenged all of Kay's causes of action, claiming that Kay had no evidence to support one or more of the necessary elements of each claim. Accordingly, we examine Kay's summary judgment evidence to see if it contains more than a scintilla of probative evidence to raise a genuine issue of material fact with respect to the challenged elements. *Blanche v. First Nationwide Mortgage Corp.*, 74 S.W.3d 444, 452 (Tex.App.-Dallas 2002, no pet.).

■ In his first amended petition, Kay alleged causes of action for DTPA violations and breach of contract. The elements of a DTPA claim are (1) plaintiff is a consumer, (2) defendant engaged in false, misleading, or deceptive acts, and (3) the acts were a producing cause of the plaintiff's injuries. Tex. Bus. & Com.Code Ann.

§ 17.46 (Vernon 2002); *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995). A consumer is a person who seeks or acquires goods or services by purchase or lease. TEX. BUS. & COM.CODE ANN. § 17.45(2) (Vernon 2002).

In his affidavit, Kay testified that Ellison promised that he would do a "show quality" refinish of the truck, with a paint job uniform in thickness and color and free of runs, sags, and thin spots. Kay testified that he relied upon the representations in agreeing to allow Ellison to restore the truck. The market value of the truck after Ellison refinished it was $5,000. According to Kay, the market value of the truck, had it been refinished as represented by Ellison, would have been $15,000. Kay also tendered the affidavit of Tommy Boyd who had over twenty years' experience in the business of painting and restoring cars. Boyd examined Kay's truck shortly after the restoration was complete. In his opinion, the truck did not meet the "minimum standards of restoration show paint and perfection, and should be completely refinished." We conclude Kay's summary judgment evidence constitutes more than a scintilla of evidence on each element of his DTPA claims.

■ The elements for a breach of contract claim are (1) existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Wright v. Christian & Smith,* 950 S.W.2d 411, 412 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Kay testified in his affidavit that he and Ellison agreed that Ellison would provide his truck with a "show quality" paint job. Ellison disputes that he promised Kay a "show quality" paint job. Kay alleged and Ellison admitted that Kay did not receive a "show quality" paint job. Kay asserts damages as a result of this alleged breach. We conclude that Kay's affidavit testimony amounts to more than a scintilla of evidence on each element of the breach of contract claim. We sustain Kay's second point of error.

■ In his third point of error, Kay contends the trial court erred in granting summary judgment in favor of Ellison on his affirmative defenses. Ellison filed a traditional motion for summary judgment on his affirmative defenses. A defendant may prevail on a motion for summary judgment by conclusively proving all elements of an affirmative defense as a matter of law, such that there is no genuine issue of material fact. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995).

In his answer, Ellison asserted the affirmative defenses of estoppel, laches, unforseeability, and contributory negligence. Ellison sought summary judgment on the affirmative defenses of "ratification, contributory negligence, and no recovery under the DTPA." Our review of the record reveals that Ellison did not plead the affirmative defenses of ratification and "no recovery under the DTPA." Accordingly, we consider whether summary judgment was proper on his affirmative defense of contributory negligence.

■ To establish contributory negligence, a defendant must prove (1) the plaintiff was negligent, and (2) the plaintiff's negligence was a proximate cause of his injury. *Ned v. E.J. Turner and Co., Inc.,* 11 S.W.3d 407, 408 (Tex.App.-Houston [1st Dist.] 2000, pet. denied). Ellison alleged that Kay failed to protect the truck from the weather after he picked it up from NTRC. In support of his motion, Ellison included the affidavit of Harry J. Ballard. Ballard inspected the truck on May 8, 2001. In Ballard's opinion, the truck had been stored outside and inclem-

ent weather had taken its toll on both the truck's finish and metal seams.

Kay countered Ellison's summary judgment evidence with his own affidavit testimony. Kay testified that from the time he picked up his truck from NTRC, he stored it in a specially built trailer within a warehouse. He stated that he took it out of the trailer only two days before taking it to Ellison's attorney's office for inspection. It did rain on that day and Kay toweldried the truck. Kay testified that was the only occasion when the truck was exposed to moisture. We conclude Kay's summary judgment evidence of non-negligence was sufficient to raise a fact question on Ellison's affirmative defense of contributory negligence. We sustain Kay's third point of error.

We reverse the trial court's judgment and remand this case for a new trial.