

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00123-CV

Geoffrey Scott **CURTIN**,
Appellant

v.

Laureen Ellen **POINDEXTER**, and Luke Casillas, LLC, d/b/a Dents N Dings,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI00537
Honorable Renée Yanta, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed:  June 28, 2018

AFFIRMED

Geoffrey Scott Curtin seeks to set aside a jury's verdict awarding him damages in his

negligence suit against appellees. Curtin argues that in light of the evidence at trial, the jury's

damages findings are clearly wrong and manifestly unjust. He also argues the trial court erred by

submitting a mitigation instruction and a question regarding his proportionate responsibility.

Concluding the trial court did not err, and deferring to the jury's reasonable credibility

determinations, we affirm the trial court's judgment.

**BACKGROUND**

This is a personal injury case arising out of a car accident. Curtin was driving westbound in the leftmost lane on Interstate 410 in San Antonio. Laureen Poindexter was driving at least three to four car-lengths ahead in the next lane over to the right. A third driver was driving in the lane to the right of Poindexter.

According to Poindexter, the third driver veered left into her lane. Poindexter started to move her car to the left to avoid hitting the car, but the third driver's car hit the right front side of Poindexter's car. Poindexter turned sharply to her left into Curtin's lane, losing control of her car. Poindexter's car spun around one hundred eighty degrees and collided with the median to Curtin's left. Curtin's car collided with Poindexter's car. Curtin saw Poindexter's car and the third driver's car come into close proximity and then collide, but Curtin did not apply his brakes until his car collided with Poindexter's car.

Curtin and Poindexter waited on the scene until San Antonio Police Department officer Roland Rodriguez arrived. Curtin and Poindexter had no observable physical injuries after the accident, and both refused emergency medical treatment. After interviewing both Curtin and Poindexter, Officer Rodriguez determined Poindexter was solely at fault. Officer Rodriguez opined there was nothing Curtin could have done to avoid the accident. When the accident occurred, Poindexter was acting in the course and scope of her employment with Luke Casillas, LLC, d/b/a "Dents N Dings," and Curtin was a senior at the University of the Incarnate Word.

Curtin sued Poindexter for negligently operating her vehicle. He also sued Dents N Dings, alleging vicarious liability for Poindexter's negligence and direct liability for negligent entrustment, hiring, training, and retention. Poindexter and Dents N Dings generally denied Curtin's allegations, and alleged Curtin was proportionately responsible and that he failed to mitigate his damages.

The case proceeded to a jury trial, and the parties heavily disputed whether Curtin suffered a spinal injury as a result of the accident. Both sides presented the testimony of expert witnesses who testified about the existence and extent of Curtin's injuries. After the parties presented closing arguments, the jury found both Poindexter's and Curtin's negligence proximately caused Curtin's damages, but found Dents N Dings not liable for negligence.

The jury also found Poindexter 60% responsible and Curtin 40% responsible and that $12,500 would fairly and reasonably compensate Curtin for his past medical expenses. The jury found $0 in damages for Curtin's future medical expenses and past and future physical impairment and pain and mental anguish. Applying the jury's findings, the trial court rendered judgment awarding Curtin $7,500.00 in damages, interest, and costs. Curtin appealed.

### PROPORTIONATE RESPONSIBILITY & PERCENTAGE OF RESPONSIBILITY FINDINGS

Curtin argues there is legally and factually insufficient evidence to support the jury's findings that his negligence proximately caused the accident and that he was 40% responsible. Curtin bases his challenges to both of these findings on the same arguments, and challenges the percentage of responsibility findings separately only "in an abundance of caution." We therefore address both issues together.

### A. Standard of Review

"When a party attacks the legal sufficiency of an adverse finding on an issue on which it did not have the burden of proof, it must demonstrate on appeal that no evidence supports the adverse finding." *Cotter & Sons, Inc. v. BJ Corp.*, No. 04-16-00186-CV, 2017 WL 4801679, at *7 (Tex. App.—San Antonio Oct. 25, 2017, pet. filed) (op. on reh'g) (quoting *Graham Cent. Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014) (per curiam)). "We review the evidence in the light most favorable to the verdict, 'credit[ing] favorable evidence if reasonable jurors could, and

disregard[ing] contrary evidence unless reasonable juror[s] could not.'" *Id.* (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005)).

When an appellant attacks the factual sufficiency of an adverse finding on an issue on which it does not have the burden of proof, the appellant must demonstrate on appeal that there is insufficient evidence to support the finding. *Porter v. Denas*, No. 04-05-00455-CV, 2006 WL 1686515, at \*4 (Tex. App.—San Antonio June 21, 2006, pet. denied) (mem. op.). "The trial court's verdict should be set aside only if the evidence supporting the verdict is so weak as to be clearly wrong and manifestly unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). In a factual sufficiency review, we view all of the relevant evidence in a neutral light. *Cotter & Sons, Inc.*, 2017 WL 4801679, at \*3.

## B. Proportionate Responsibility

Showing a plaintiff's proportionate responsibility due to negligence requires a defendant to prove the plaintiff breached a duty and the plaintiff's breach was a cause in fact of the injury, which was a foreseeable result of the plaintiff's negligence. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004); *Kay v. N. Tex. Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.—Dallas 2003, no pet.); *Ned v. E.J. Turner & Co., Inc.*, 11 S.W.3d 407, 408–09 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). Curtin does not dispute the elements of duty or injury, but argues there is no evidence that: (1) he breached a duty; (2) his breach was a cause in fact of his injury; and (3) his breach proximately caused his injury.

Curtin gave contradictory testimony about his failure to brake. He first testified he applied the brakes "[r]ight after the first impact." But he later testified that when he saw the two cars ahead of him collide, he did not apply his brakes "in the first impact." According to Curtin, his car was three to four car lengths behind Poindexter's car in the lane to the left. Curtin testified he did not apply his brakes when he saw the third driver's car hit Poindexter's car or when Poindexter's car

veered left across the lane he was driving in, and that he did not steer right or left because he was "in [his] lawful lane of travel" and "felt like [he] had the right of way." Curtin's car did not hit Poindexter's car until after Poindexter's car veered into his lane, spun around one-hundred eighty degrees, and collided with the median.[1]

Viewing Curtin's testimony in a light most favorable to the jury's verdict, Curtin was aware that Poindexter's car and the third driver's car had collided, he deliberated and chose not to steer left or right when Poindexter's car came into his lane because he believed he had the right of way, and he did not brake until he collided with Poindexter's car, which was after Poindexter's car spun around one-hundred eighty degrees and after her car collided with the median. The jury reasonably could have found from this evidence that Curtin's failure to brake was unreasonable; he contributed to his damages by failing to brake until the collision; and his damages were a reasonably foreseeable consequence of his negligence. *See Brown v. Goldstein*, 685 S.W.2d 640, 642 (Tex. 1985) (holding when plaintiff fails to apply brakes to avoid an accident, issues of plaintiff's fault and causation are for the jury); *cf. Wilkinson v. Lindsey*, 321 S.W.2d 158, 165 (Tex. Civ. App.—Amarillo 1959, no writ) (holding submission of jury question on defendant's fault was proper when evidence showed defendant failed to apply his brakes). We hold that legally sufficient evidence supports the jury's findings. *See Cotter & Sons, Inc.*, 2017 WL 4801679, at \*7.

In challenging the jury's proportionate responsibility finding, Curtin relies on the testimony of several witnesses. First, Curtin relies on Poindexter's testimony that he characterizes as an admission indicating she was 100% responsible. However, Poindexter stated during her deposition that she was approximately 75% to 80% responsible, and she testified at trial that she made a

---

[1] According to Officer Rodriguez's testimony and his accident report, Poindexter's car hit Curtin's car and then Poindexter's car spun around. But the photos of the two cars show no damage to the passenger side of Curtin's car and Curtin's testimony contradicted Officer Rodriguez's testimony about how the cars collided.

mistake and misunderstood what was being asked of her during the deposition. Second, Curtin relies on the testimony of Luke Casillas, Dents N Dings' owner, who stated he was not aware of any evidence that Curtin was negligent, and to Officer Rodriguez's statement that it would have been impossible for Curtin to avoid the wreck due to perception and reaction time. However, Poindexter's, Casillas's, and Officer Rodriguez's trial testimony was not based on first-hand knowledge of Curtin's observations or his conduct, including his failure to brake before the collision. We cannot say, when viewing the evidence in a neutral light, that the evidence in support of the jury's findings is so weak as to make the findings clearly wrong or manifestly unjust. *Id.* at *3; *Porter*, 2006 WL 1686515, at *4.

### NO LIABILITY FINDING AS TO DENTS N DINGS

The jury found Dents N Dings not liable for negligence, apportioned no responsibility to Dents N Dings, and assessed no damages against it. Curtin argues the jury's no liability finding as to Dents N Dings is against the great weight and preponderance of the evidence, the jury should have found that Dents N Dings' negligence proximately caused his injury, and the jury should have apportioned some responsibility to Dents N Dings. As the party challenging the factual sufficiency of the evidence to support adverse jury findings on issues on which he had the burden of proof, Curtin must demonstrate that the adverse findings are "so against the great weight and preponderance of the evidence that [the findings are] clearly wrong and unjust." *See Perez v. Arredondo*, 452 S.W.3d 847, 860 (Tex. App.—San Antonio 2014, no pet.).

Curtin contends Casillas admitted Dents N Dings negligently trained Poindexter because Casillas testified: (1) Dents N Dings' business model required its employees to drive vehicles; (2) a reasonably prudent owner of such a business would have policies, procedures, and training in place regarding defensive driving and accident avoidance techniques; and (3) Dents N Dings failed to have such policies, procedures, and training. However, Curtin does not argue or cite to any

evidence showing Poindexter would have avoided the collision with Curtin had Dents N Dings had policies, procedures, or training on defensive driving and accident avoidance techniques. In other words, Curtin failed to prove Dents N Dings' omission was a cause of the collision. *See Mason*, 143 S.W.3d at 798.

During his testimony, Casillas disputed that having such training would have prevented the accident. He also testified Poindexter was already a trained, experienced driver. We hold Curtin has failed to demonstrate that the jury's no-liability findings as to Dents N Dings are so against the great weight and preponderance of the evidence that they are clearly wrong and unjust.

### MITIGATION INSTRUCTION

Over Curtin's objection, the trial court included the following mitigation instruction before the questions on damages in the jury charge:

> Do not include any amount for any condition resulting from the failure, if any, of . . . Curtin to have acted as a person of ordinary prudence would have done under the same or similar circumstances in caring for and treating his injuries, if any, that resulted from the occurrence in question.

Curtin argues on appeal, as he did in the trial court, there is no evidence to support the submission of the mitigation instruction.

"We review the trial court's submission of instructions and jury questions under an abuse of discretion standard." *Bexar Cty. Appraisal Dist. v. Abdo*, 399 S.W.3d 248, 257–58 (Tex. App.—San Antonio 2012, no pet.). "The trial court must submit questions, instructions and definitions which are raised by the pleadings and the evidence." *Hygeia Dairy Co. v. Gonzalez*, 994 S.W.2d 220, 224 (Tex. App.—San Antonio 1999, no pet.) (citing TEX. R. CIV. P. 278). "The mitigation of damages doctrine requires an injured party to exercise reasonable care to minimize its damages, if the damages can be avoided with only slight expense and reasonable effort." *Harris County v. Smoker*, 934 S.W.2d 714, 721 (Tex. App.—Houston [1st Dist.] 1996, writ denied). "A mitigation

of damages instruction is proper when the negligence complained of merely contributed to or added to the extent of the losses or injuries, but has no part in causing the incident in question." *Hygeia Dairy Co.*, 994 S.W.2d at 224. There must be "some evidence in the record from which the jury can make a reasoned calculation about losses from [a] failure to mitigate." *Id.* at 226. "[A] plaintiff's own evidence can be used to provide the requisite framework." *Id.* at 225.

Curtin notes a mitigation instruction is appropriate when there is evidence of negligence on the part of the plaintiff in: (1) not consulting a doctor; (2) not consulting a doctor as soon as a reasonable person would; (3) not following the advice of a doctor; or (4) not properly caring for and treating injuries that do not require the attention of a doctor. *See Smoker*, 934 S.W.2d at 721 (citing *Moulton v. Alamo Ambulance Serv., Inc.*, 414 S.W.2d 444, 450 (Tex. 1967)). He argues there is no evidence of any of these specific failures. However, "[o]ther examples of a plaintiff's failure to mitigate may include not obtaining surgery or other treatment, delay in obtaining treatment, failure to seek continued care, or failure to obtain care from conventional or qualified sources." John A. Day, *Intangible Damages for Injury to Elderly Persons*, 5 AM. JUR. PROOF OF FACTS 3d 323 (1989). To support a mitigation instruction, the evidence need only show the injured party failed to exercise reasonable care to minimize his damages, "if the damages can be avoided with only slight expense and reasonable effort." *See Smoker*, 934 S.W.2d at 721.

Curtin asserts there is "no evidence that any of the damages were increased due to [his] lack of diligence . . . or that the amount of medical expenses were increased due to a failure by [him] to mitigate." In his pleadings, Curtin sought to recover damages that included physical pain caused by the accident. At trial, Curtin produced evidence showing he was in pain, he had received numerous forms of treatment for the pain, and that because none of the treatments were successful, his treating physician recommended a minimally invasive surgery that was expected to reduce Curtin's physical pain. Curtin testified he delayed the surgery multiple times and, at the time of

trial, he still had not had the recommended surgery. We hold the evidence supported the trial court's submission of the mitigation instruction. *See id.*

## DAMAGES

Curtin's remaining issues challenge the jury's damages findings. The jury found $12,500 in past medical care expenses would fairly and adequately compensate Curtin. However, the jury did not find damages for future medical care expenses, past physical pain and mental anguish, future physical pain and mental anguish, and physical impairment sustained in the past. Curtin challenges all of these findings as so against the great weight and preponderance of the evidence that they are clearly wrong and manifestly unjust.[2] We apply the standards previously set forth in reviewing a factual sufficiency challenge. *See Perez*, 452 S.W.3d at 860; *see also Cotter & Sons, Inc.*, 2017 WL 4801679, at *3.

## A. Whether the $12,500 Award of Past Medical Care Expenses is Manifestly Unjust

Curtin first argues that when being polled after the verdict, some jurors commented to Curtin's counsel suggesting that during deliberations, they did not follow instructions in the jury charge in considering whether Curtin had insurance. Curtin produced the affidavit of a juror and an affidavit from counsel about statements another juror had made, and the affidavits relayed statements made by other jurors during deliberations. Because the affidavits did not show there was an outside influence from anyone other than the jurors themselves, we may not consider this evidence. *See* TEX. R. CIV. P. 327(b); *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 369 (Tex. 2000); *Barnes v. Univ. Fed. Credit Union*, No. 03-10-00147-CV, 2013 WL 1748788, at *15 (Tex. App.—Austin Apr. 18, 2013, no pet.) (mem. op.).

---

[2] The jury also did not find Curtin suffered any damages for physical impairment in the future and past and future loss of earning capacity. Curtin does not challenge these findings.

Curtin also argues the evidence showed the reasonable amount for his past medical expenses exceeded $92,000, the reasonableness of his past medical expenses was uncontroverted, and the undisputed evidence showed he suffered from a congenital spinal condition that made him more likely than others to experience physical symptoms resulting from a minor spinal impingement. In support of this argument, Curtin relies not only on the testimony of witnesses, but also on an affidavit filed under section 18.001 of the Texas Civil Practice & Remedies Code as to the reasonableness of his medical expenses. However, "[a]ffidavits submitted pursuant to section 18.001 are not conclusive as to the amount of damages, but merely 'sufficient evidence to support a finding of fact.'" *Barrajas v. VIA Metro. Transit Auth.*, 945 S.W.2d 207, 209 (Tex. App.—San Antonio 1997, no writ) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (West 2014)). Because Curtin's section 18.001 affidavit is not conclusive, we turn to the witness testimony upon which Curtin relies.

Curtin relies on testimony from his expert witnesses, who testified about Curtin's past medical expenses. Curtin argues his expert witnesses' testimony establishes "that as a result of this wreck the reasonable and necessary medical treatment and reasonable cost associated with the medical treatment incurred in the past totaled more than $92,000.00." He also emphasizes that his expert witnesses' testimony was uncontroverted. "A jury may choose to be guided by expert testimony on damages, but it is not bound by it." *Id.* "In fact, the jury may disbelieve a witness, including a physician, even though his testimony is not contradicted." *Id.* Curtin's arguments regarding the jury's finding of $12,500 for his past medical care expenses are foreclosed by the prior decisions of this court. *See, e.g.*, *id.*

"The trier of fact is given wide discretion to award damages anywhere within the range of evidence presented at trial." *Pope v. Gaffney*, No. 04-03-00456-CV, 2004 WL 1732325, at *2 (Tex. App.—San Antonio Aug. 4, 2004, no pet.) (mem. op.). We "may not set aside a finding of

damages merely because the jury's reasoning in arriving at the amount is unclear." *Id.* Here, the jury awarded $12,500 even though the jury was presented with evidence that Curtin's past medical expenses totaled approximately $92,000. As discussed at length in the following section, the issue of whether Curtin sustained an injury as a result of the accident was heavily disputed, and appellees' experts testified Curtin did not suffer any bodily injury as a result of the car accident. The jury's award of $12,500 for past medical care is therefore within the range of evidence, and the amount of damages the jury awards based on the evidence is uniquely within the jury's discretion. *See id.* at *2-4 (upholding $646 award of past medical expenses when evidence showed actual expenses were $8,700 and plaintiff had preexisting spinal condition). We overrule Curtin's challenge to the jury's finding of $12,500 in past medical care expenses.

**B. Whether the $0 Findings for Other Damages Elements Are Manifestly Unjust**

In addition to arguments substantially similar to those raised in his challenge to the past medical care expenses finding,[3] Curtin argues the jury could not have rationally found damages for past medical expenses and found $0 for other elements of damages. He also argues that when there is objective evidence of an injury, a jury must award some amount of compensatory damages for pain and suffering.

"[W]hether to award damages and how much is uniquely within the factfinder's discretion." *Ruffin v. Sanchez*, No. 04-16-00759-CV, 2017 WL 4014651, at *3 (Tex. App.—San Antonio Sept. 13, 2017, no pet.) (mem. op.) (quoting *Golden Eagle Archery, Inc.*, 116 S.W.3d 757, 772 (Tex. 2003)). A "jury must judge the credibility of the witnesses, assign the weight to be given to witness testimony, and resolve any conflicts or inconsistencies in the evidence." *Id.* (citing *Barrajas*, 945 S.W.2d at 209)). When there is uncontroverted evidence of an objective physical

---

[3] In challenging the jury's finding regarding future medical expenses, Curtin makes the similar arguments as in his challenge to the finding of past medical expenses, with which we decline to agree.

injury, the factfinder cannot simply disregard the evidence. *Sansom v. Pizza Hut of E. Tex., Inc.*, 617 S.W.2d 288, 294 (Tex. Civ. App.—Tyler 1981, no writ). Conversely, when the evidence of an objective injury is disputed, or the plaintiff's claim of pain and suffering is based only the plaintiff's subjective complaints, the jury is not bound to accept the plaintiff's claim. *See id.* (discussing *DuPree v. Blackmon*, 481 S.W.2d 216, 221 (Tex. Civ. App.—Beaumont 1972, writ ref'd n. r. e.) (Keith, J., concurring)). This court has previously rejected the argument that an award of damages for past medical care is inherently inconsistent with awarding \$0 for other elements. *See, e.g.*, *Rios v. Texas Dep't of Mental Health & Mental Retardation*, 58 S.W.3d 167, 171-72 (Tex. App.—San Antonio 2001, no pet.) (stating there is no inherent conflict in such cases because a jury could find damages to compensate for diagnostic testing and doctors' visits and also find there was no injury sustained). Curtin does not argue that our prior decision should be disturbed.

Furthermore, Curtin's evidence regarding his injuries was based either on his own subjective complaints or on disputed evidence of an objective injury. It was undisputed at trial that, at the scene of the accident, Curtin had no objectively observable injuries, such as cuts or bruises, he denied being injured, and he refused emergency medical treatment. There is also evidence that within a couple months of the accident, Curtin flew in an airplane to Puerto Rico for vacation and went snorkeling and boating. In the years between the accident and trial, Curtin obtained a job as a sports coach and delayed having back surgery several times. Conversely, Curtin relies on evidence that is based wholly on his subjective complaints of pain or tests conducted long after the accident. For example, in his reply brief, Curtin cites to a litany of instances when he complained of pain, reported pain in response to a diagnostic test, or was prescribed medication for pain that he reported to a treating physician. He also cites to evidence that he felt pain as a result of treatment he received. The jury was not bound to accept evidence regarding Curtin's subjective complaints about pain. *See Sansom*, 617 S.W.2d at 294.

And although Curtin's medical experts testified about an objective injury, that testimony was controverted by the testimony of appellees' medical experts. Curtin cites to the testimony of his treating physician, Dr. Gerardo Zavala, that Curtin's MRIs showed an impingement on Curtin's nerve and the testimony of another medical expert Dr. Christine Vidouria. But appellees' medical expert Dr. Michael Albrecht testified Curtin's MRIs were normal, reflected no trauma or acute issues, and showed minor disc bulges that can be considered normal and cause no symptoms. Dr. Albrecht also testified the lumbar x-rays taken on the day of the accident were normal, and there was no indication of nerve root compression. He further testified the development of Curtin's subjectively reported pain symptoms were inconsistent with acute trauma that would be caused by a car accident. Appellees' other medical expert, Dr. Arthur Cortez, also testified there was "nothing wrong" with Curtin's spine. Curtin argues appellees' experts lacked enough expertise to opine about his injury, but he did not move to exclude the expert witness testimony as unreliable, his arguments on appeal about the experts' testimony relate to the credibility of the expert witnesses, and we must defer to the jury's role to resolve issues of witness credibility. *See Ruffin*, 2017 WL 4014651, at *3. On this record, we cannot say the jury's damages findings are clearly wrong, manifestly unjust, or against the great weight and preponderance of the evidence. *See id.*

## CONCLUSION

We affirm the trial court's judgment.

Luz Elena D. Chapa, Justice